# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT H. BEDARD, | )<br>) |
|     Petitioner, | )   3:08-cv-00294-LRH-RAM<br>) |
| vs. | )<br>)   ORDER |
| E.K. McDANIEL, *et al.*, | )<br>) |
|     Respondents. | )<br>) |

This action proceeds on a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Scott H. Bedard, a Nevada prisoner represented by counsel. Petitioner has filed a motion for leave to conduct discovery and for court order to obtain requested documents and evidence (docket #26). Respondents have filed a stipulation for discovery (docket #32).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts allows a party to obtain discovery, through the procedures outlined in the Federal Rules of Civil Procedure when petitioner shows good cause for the discovery. A judge may grant leave to conduct discovery in the exercise of his discretion and for good cause. *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Petitioner seeks an order authorizing his to serve subpoenas to obtain (1) access to all

evidence held in the evidence vault of the Eighth Judicial District Court introduced during Bedard's trial, and any forensic evidence to be released to an expert employed by petitioner's counsel, and (2) access to all evidence still in the possession of Las Vegas Metropolitan Police Department collected in petitioner's case, including forensic evidence and reports, lab reports, DNA reports, police reports, footwear impression evidence, photographs, fingerprint exemplars and other evidence, and any forensic evidence to be release to an expert employed by petitioner's counsel.  Respondents filed a stipulation to the motion for leave to conduct discovery, stating that they do not object to petitioner's request for the named discovery.

Petitioner has articulated a theory upon which the evidence he seeks could support his claims for relief.  He is therefore entitled to engage in discovery which will permit him to develop the necessary evidence to prove his claims.

The Court shall grant the discovery request as follows:

**IT IS THEREFORE ORDERED** that the motion for leave to conduct discovery and for court order to obtain requested documents and evidence (docket #26) is **GRANTED**.  Petitioner is granted leave of the Court to serve subpoenas to obtain the following information:

Request 1: Access to all evidence held at the Evidence Vault of the Eighth Judicial District Court introduced during Bedard's trial, Case No. C-145855, any forensic evidence to be released to an expert employed by petitioner's counsel.

Request 2: Access to all evidence still in the possession of Las Vegas Metropolitan Police Department collected in Bedard's case - including forensic evidence and reports, lab reports, DNA reports, police reports, footwear impression evidence, including photographs, fingerprint exemplars and other fingerprint evidence, any other evidence or report relating to petitioner's case/Event No. 970806-0466, any forensic evidence to be released to an expert employed by petitioner's counsel.

Dated this 20th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE