UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| SCOTT J. BEDARD, | ) | |
| | ) | |
| Petitioner, | ) | 3:08-cv-0294-LRH-RAM |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| E.K. McDANIEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is respondents' motion to dismiss the Second Amended Petition (docket #39), with petitioner's response (docket #42). Respondents did not reply.

**I.     Procedural Background**

Petitioner is serving a life sentence without the possibility of parole on a conviction for murder with the use of a deadly weapon and various burglary and robbery counts. Exhibit 184.[1] Petitioner was charged on October 3, 1997, via a grand jury indictment for the robbery and killing of William Hanlon, a security guard working at the Templeton Office Plaza, which petitioner was also charged with burglarizing. Exhibit 4. Petitioner received notice of the state's intent to seek the death penalty in the case. Exhibit 5.

During the course of the criminal proceedings, petitioner sought to have counsel removed, to represent himself, and was subjected to at least two psychological evaluations. *See e.g.,* Exhibits 6, 17-25, 34-74. Petitioner represented himself with the assistance of stand-by counsel until attorneys

---

[1] The exhibits referenced herein were submitted by petitioner in response to his first amended petition and are found in the court's docket at entries 14-24.

Peter Christiansen and Michael Cristalli were appointed to represent petitioner for the remainder of the proceedings. Exhibit 149.

Much of the evidence against petitioner was obtained from a storage unit located in the garage of the home of petitioner's fiance's mother, a Ms. Ruth Ganjei.[2] Exhibit 75. Petitioner sought to have that evidence suppressed as he argued that the consent to search given by Ms. Ganjei was coerced and that Ms. Ganjei had no standing to give consent. *Id.* Petitioner also sought dismissal of Counts I, IV-XII, AND XIV-XVIII. Following a hearing, the motions were denied. Exhibits 153-154,165. A four-day guilt phase trial resulted in petitioner's conviction on all counts. Following a three-day penalty trial, petitioner was spared the death penalty and given a sentence of life without the possibility of parole. Exhibit 180. The sentence was imposed on November 30, 2000, and the Judgment of Conviction was entered on December 7, 2000. Exhibit 183 and 184.

Petitioner filed a direct appeal and his opening brief raised five grounds for relief including:

    I.    Defendant Bedard Does Have Standing to Raise the Fourth Amendment Issues Regarding the Search Conducted at 7505 Blue Sage Ct., Las Vegas, Nevada, Clark County.

    II.    Ruth Giannasoli Had Neither Actual Nor Apparent Authority to Consent to the Search of the Storage Unit Located at 7505 Blue Sage Ct.

    III.    Count II of the Criminal Indictment Should Have Been Dismissed as There Was No Evidence That Defendant Bedard Took Personal Property from William Hanlon.

    VI    Counts IV, V, VI, VII, IX, XI, XIII, XIV, and XVII Are Multiplicitous of Count I and Should Have Been Dismissed.

Exhibit 186.

The Nevada Supreme Court affirmed the conviction on June 12, 2002, focusing its opinion on Issue Four of the opening brief; whether the burglary counts in the criminal indictment violated the rule against multiplicity. Exhibit 189. The balance of petitioner's claims were handled in a footnote, stating "[a]fter careful consideration, we conclude that these arguments lack merit." *Id.*

Petitioner proceeded with post-conviction review, filing a pro se petition raising several grounds related to the performance of his trial and appellate counsel as well as a claim that he was

---

[2] Later in the record, Ruth Gangei is referred to as Ruth Giannasoli.

2

denied a speedy trial. Exhibit 195. Counsel was appointed and a supplemental petition was filed adding several more ineffective assistance of counsel claims. Exhibit 202. The petition was denied without an evidentiary hearing being conducted. Exhibits 203 and 204. On appeal, the Nevada Supreme Court remanded for the trial court's written findings of fact and conclusions of law as to the supplemental claims raised. Exhibit 207. Once that order was entered, petitioner again appealed. Exhibit 215. The Nevada Supreme Court affirmed the lower court's decision. Exhibit 216.

**II.  Federal Habeas Action**

Upon denial of his state post-conviction review, petitioner submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 28, 2008. Once filing fee issues were resolved, counsel was appointed to assist the petitioner and an amended petition was filed on January 21, 2009. Counsel sought leave to conduct discovery and the second amended petition was filed thereafter. In response to the petition, respondents move to dismiss grounds 3, 4, and 6 as unexhausted and ground 2 as not cognizable in federal court (docket #39). Petitioner opposes dismissal (docket #42).

**III.  Discussion**

   A.   Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[3] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly

---

[3] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

<u>Ground Three</u>

In the federal petition, ground three claims the petitioner "is in custody in violation of his right to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution because the evidence adduced at trial was insufficient to prove robbery beyond a reasonable doubt." Second Amended Petition, p. 26.

Respondents correctly note that petitioner did not present a claim of insufficient evidence under the Fifth and Fourteenth Amendments to the state courts. In fact, the similar claim presented to

1 the Nevada Supreme Court on direct appeal addressed the Nevada statute defining the crime of
2 robbery, but makes absolutely no reference to any federal legal basis for the claim. *See* Exhibit 186,
3 pp. ii, 14-15. Petitioner did not file a reply brief on appeal. *See* Exhibit 188.

4 Petitioner argues that the claim is exhausted because the arguments presented were the same
5 in both state and federal court: "that the evidence at trial was insufficient to support his conviction for
6 robbery under NRS 200.380, because no money was taken from the victim." Petitioner further argues
7 that the absence of any federal citation in the Nevada Supreme Court's order of affirmance is of no
8 moment because that court had already "incorporated *Jackson v. Virginia* into its standard
9 "sufficiency of the evidence" inquiry," citing *Abeyta v. State,* 113 Nev. 1070, 944 P.2d 849 (1977).
10 Opposition to Motion to Dismiss, p. 4.[4]

11 Petitioner's arguments are not persuasive. It is the petitioner's burden to present his claims to
12 the court. *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005). State law claims that are
13 analogous to federal constitutional claims are inadequate. *Id.* And, as previously noted, "general
14 appeals to broad constitutional principles, such as [insufficient evidence], are insufficient to establish
15 exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see*
16 *also Shumway*, 223 F.3d at 987. Petitioner did not exhaust his federal claims related to the
17 insufficiency of the evidence to convict him of robbery by presenting such a claim to the state courts.

18 Ground Four

19 The second amended petition claims that petitioner "is in custody in violation of his
20 Fourteenth Amendment rights to Due Process and a Fair Trial and his Fifth Amendment right to be
21 free from Double Jeopardy" by charging him with multiple counts of burglary for illegally entering
22 individual office suites within the Templeton Plaza Building while also charging him with burglary
23 for entering the Templeton Plaza Building itself.

24 Respondents contend this ground for relief was not properly presented to the state court for
25 review as a double jeopardy claim, but rather that the facts alleged were presented to the Nevada

---

[4] It is of note that in ground six of the second amended petition, petitioner complains that appellate counsel failed to present this claim as a federal constitutional violation. *See* Second Amended Petition, p. 31.

Supreme Court in support of a claim that the charges were multiplicitous. The claim's analysis relied on the legislative intent of a state statute.

Petitioner counters that the test for multiplicity, as argued to the state court, is essentially the same as for a federal double-jeopardy claim. He further argues that the cases cited by the state lawyer in her opening brief on appeal cited to federal double jeopardy cases. This argument misapprehends the facts. In fact, the cases cited to the Nevada Supreme Court discussed duplicitous claims or were cited to support that proposition.

In *United States v. Sue,* 586 F.2d 70, 71 (8th Cir. 1978), the court addressed a conviction of three counts of making false statements. That case specifically addressed "multiplicity in the indictment" and notes that "a multiplicious indictment is one charging the same offense in more than one count." *Id.* It does not speak on any level about double jeopardy. Likewise, petitioner cited *U.S. v. UCO Oil Co.,* 564 F.2d 833, 835 (9th Cir. 1976) to the state court for the proposition that "an indictment may not charge a single offense in several counts without offending the rule against multiplicy." *Id.* As with *U.S. v. Sue,* there is no discussion of double jeopardy in that federal case. Moreover, *Gordon v. Eighth Judicial District Court,* 112 Nev. 216 (1996) not only discusses double jeopardy, but also duplicious charges. *See id.,* at 227-229. It is apparent that this is the applicable discussion identified by petitioner on direct appeal because of *Gordon*'s further citations to the *Federal Practice and Procedures § 142* and to *Jenkins v. District Court,* 109 Nev. 337, 339-40, 849 P.2d 1055, 1057 (1993); citations which are duplicated in the appeal brief.

Ground four of the petition is unexhausted, as petitioner never presented a double jeopardy claim to the state courts. The fact that a single case cited also discussed double jeopardy is irrelevant.

Ground Six

Ground six of the second amended petition claims that petitioner was denied the effective assistance of appellate counsel in that counsel failed to raise several meritorious claims including (a) counsel failed to raise the direct appeal issues as violations of federal constitutional law, including the claim that there was insufficient evidence to convict petitioner on count II of the Indictment - robbery with the use of a deadly weapon.

6

1    Respondents argue that ground six is unexhausted as it presents a wholly new claim
2 challenging the sufficiency of the burglary charge. Specifically, respondents state, "a similar claim
3 relating to the *robbery* charge was raised in the proper person petition as claim 10. . . ."
4    As petitioner points out, ground six contains no allegation that appellate counsel's analysis of
5 the sufficiency of the burglary charge was inadequate. Respondents' argument is misplaced and
6 mistaken. Ground six is exhausted and shall proceed.

7    B    Non-cognizable Claim

8    Respondents finally argue that ground two of the petition must be dismissed as it
9 raises a claim that is not cognizable in federal habeas. Ground two claims that petitioner's Fourth
10 Amendment right to be free from unlawful search and seizure was violated where he had a right to
11 privacy in the storage unit at 7505 Sage Court and where Ruth Giannasoli had no authority to consent
12 to the search of the storage unit. Petitioner argues that because the claim was not fully and fairly
13 litigated at the state court level due to petitioner's ineffective assistance of counsel in handling the
14 suppression motion, federal habeas review is available.

15    Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth
16 Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground
17 that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v.*
18 *Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986). The
19 Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review
20 created no danger that the courts would deny a safeguard against compelling an innocent man to
21 suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth
22 Amendment claim on collateral review is "usually asking society to redetermine an issue that has no
23 bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

24    In *Kimmelman v. Morrison,* 477 U.S. 365 (1986), the Court examined the impact that
25 ineffective assistance of counsel has on the full and fair opportunity to litigate the exclusion of
26 illegally obtained evidence. The Court concluded that "[o]nly those habeas petitioners who can
27 prove under *Stickland* that they have been denied a fair trial by the gross incompetence of their
28

7

attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." *Id.* at 382. In *Kimmelman,* the petitioner claimed he received ineffective assistance of counsel who failed to make a timely motion to suppress under the Fourth Amendment. However, *Kimmelman* is distinguishable from the instant action because petitioner, who was representing himself with the assistance of stand-by counsel for the majority of the time pre-trial, made the motion to suppress. Moreover, the court then appointed standby counsel to represent petitioner to litigate the motion to suppress, allowing additional time for briefing and to prepare for the two day evidentiary hearing. Thereafter, an evidentiary hearing was conducted where the defendant and the state put on evidence and witnesses, fully apprising the court of the facts and issues arising from the search of the storage unit. Exhibits 153 and 154.

Petitioner is attempting to put the *Kimmelman* cart before the horse in his petition by arguing that he should be able to relitigate his Fourth Amendment claim because his trial counsel was ineffective in litigating it in the first place. This argument will not prevail. The Fourth Amendment claim presented in this petition as ground two has been fully and fairly litigated in state court and it not cognizable here.

**IV.     Conclusion**

Ground two of petitioner's second amended petition is a claim that is not cognizable in these proceedings. That claim shall be dismissed. The petition also contains two unexhausted claims, grounds three and four, which must be dismissed in order for the petition to proceed on its merits.

The Court finds grounds three and four are unexhausted in state court. Consequently, the Court finds the Second Amended Petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982)*; Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the Second Amended Petition is mixed, the Court will grant the motion to dismiss in part, and deny it in part. However, in view of *Rhines*, before the Court determines how to handle petitioner's mixed petition, the Court will grant petitioner an opportunity to request an opportunity to return to state court, and support that request by showing good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #39) is **GRANTED IN PART AND DENIED IN PART**. The Court finds grounds 3 and 4 to be unexhausted in state court. The Court further finds that ground 2 is not cognizable in this federal habeas corpus petition. Ground 2 is hereby **DISMISSED WITH PREJUDICE**.

///

///

///

///

///

///

///

///

///

9

1    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of
2  entry of this Order to show good cause for his failure to exhaust his unexhausted claims in state court,
3  and to present argument regarding the question whether or not his unexhausted claims are
4  plainly meritless.  Respondents shall thereafter have **twenty (20) days** to respond.  Petitioner shall
5  thereafter have **fifteen (15) days** to reply.

7    DATED this 27th day of December, 2010.

                                            _____
                                            LARRY R. HICKS
                                            UNITED STATES DISTRICT JUDGE